IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DINÉ CITIZENS AGAINST RUINING
OUR ENVIRONMENT, SAN JUAN
CITIZENS ALLIANCE, WILDEARTH
GUARDIANS, and SIERRA CLUB,

      Plaintiffs,

vs.                                           Civ. No. 20-673 KG/JHR

UNITED STATES BUREAU OF LAND
MANAGEMENT, DAVID BERNHARDT,
in his official capacity as United States
Secretary of the Interior, WILLIAM PERRY
PENDLEY, in his official capacity as
Acting Director of the U.S. Bureau of Land
Management, and TIM SPISAK, in his
official capacity as the State Director for the
U.S. Bureau of Land Management in New
Mexico,

      Federal Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

On July 9, 2020, Plaintiffs filed their Petition for Review of Agency Action (Petition)

challenging the Bureau of Land Management's (BLM) issuance of 30 leases for oil and gas

development on lands administered by the BLM's Rio Puerco Field Office.  (Doc. 1).  On

September 25, 2020, EOG Resources, Inc. (EOG), the owner of the 30 oil and gas leases at issue

in this lawsuit, filed the instant "Motion to Intervene by EOG Resources, Inc." (Motion to

Intervene). (Doc. 15).  The Motion to Intervene states that neither Plaintiffs nor Federal

Defendants take a position on the Motion to Intervene.  *Id.* at 1.  Having considered the Motion

to Intervene and the applicable law, the Court grants the Motion to Intervene.

EOG seeks to intervene as a matter of right and, in the alternative, permissively.  Federal Rule of Civil Procedure 24 sets forth the criteria for intervention as a matter of right and for permissive intervention.  *See* Fed. R. Civ. P. 24(a)(2) (permitting intervention as of right on timely motion to anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest"); Fed. R. Civ. P. 24(b)(1)(B) (allowing permissive intervention on timely motion to anyone who "has a claim or defense that shares with the main action a common question of law or fact").  EOG also contends that it has standing to intervene, including standing under Article III.

   A.  *Article III Standing*

   "Article III standing requires a litigant to show: (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury can likely be redressed by a favorable decision." *Kane Cty. v. United States*, 928 F.3d 877, 888 (10th Cir. 2019) (citation). Here, if the Court grants the Petition and vacates the oil and gas leases, EOG cannot exercise its right to develop its oil and gas interests on the subject BLM land.  The inability to exercise that right constitutes a concrete, particularized, and actual injury in fact that is fairly traceable to the Petition.  Furthermore, if the Court denies the Petition and does not vacate the 30 oil and gas leases, that decision will redress any injury to EOG's interests in the oil and gas leases that would have occurred had Plaintiffs prevailed on their Petition. For the above reasons, the Court determines that EOG has Article III standing to intervene.

### B.  Intervention as of Right

EOG may intervene as of right under Rule 24(a)(2) if: "(1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may as a practical matter be impaired or impeded; and (4) the applicant's interest is not adequately represented by existing parties."  *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001) (internal citations omitted).  Notably, the Tenth Circuit follows "a somewhat liberal line in allowing intervention," and "[t]he factors of Rule 24(a)(2) are intended to capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation, and those factors are not rigid, technical requirements."  *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010) (internal citations omitted).

The Court determines that EOG can intervene as a matter of right for the following reasons.  First, the Court finds that the Motion to Intervene is timely because the case is in its early stages and an intervention will not prejudice any party.  *See Utah Ass'n of Counties*, 255 F.3d at 1250 (stating that court assesses timeliness of motion to intervene "in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances") (citation omitted).  Second, EOG has a direct and substantial interest in the oil and gas leases which are the subject of this lawsuit.  Third, a decision to vacate the oil and gas leases will impair or impede EOG's interest in the oil and gas leases.  Finally, the Federal Defendants do not adequately represent EOG's interest in the oil and gas leases because the Federal Defendant's broad national interests in those leases do not necessarily coincide with EOG's narrow private interest in protecting its financial investment in the leases and EOG's

desire to develop the leases for financial gain.  *See Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1117 (10th Cir. 2002) (acknowledging that Tenth Circuit has "repeatedly pointed out" that "government's prospective task of protecting 'not only the interest of the public but also the private interest of the petitioners in intervention' is 'on its face impossible' and creates the kind of conflict that 'satisfies the minimal burden of showing inadequacy of representation'") (citation omitted).

C.  *Permissive Intervention*

EOG may permissively intervene under Rule 24(b)(1)(B) if EOG "(1) makes a timely application, (2) has a separate claim or defense that has a common question of law or fact with the main action, and (3) does not unduly delay or prejudice the rights of original parties." *Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*, 232 F.R.D. 392, 398 (D. Utah 2005). "[A]nother determinable factor is 'whether the interveners will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.'" *Id.* (citation omitted).

The Court, likewise, determines that EOG can intervene permissively.  First, as stated above, the motion to intervene is timely.  Second, EOG's response to Plaintiffs' claims will raise questions of law or fact in common with the Petition.  Third, as determined above, intervention will not delay or prejudice the rights of Plaintiffs or Federal Defendants.  Finally, EOG's knowledge of the challenged leasing decisions and the land at issue will contribute to the Court's understanding of the underlying factual issues and to a just and equitable adjudication of the Petition.

IT IS ORDERED that:

1.  the Motion to Intervene by EOG Resources, Inc. (Doc. 15) is granted; and

2.  EOG Resources, Inc. is allowed to intervene in this lawsuit.

_____
UNITED STATES DISTRICT JUDGE